IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                  CASE NO.  4:07cr72-SPM

BOBBY ALBERT MCGEE,

       Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS COUNT TWO OF THE INDICTMENT**

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Count Two (doc. 35) of the indictment.  The indictment charges Defendant with two counts of using a facility of interstate commerce to attempt to knowingly persuade, induce, entice, or coerce a minor to engage in unlawful activity, as proscribed by Title 18, United States Code, Section 2422(b).  Defendant challenges only Count Two in his motion on grounds that his conduct does not violate Section 2422(b) because he had no direct communications with the minor; nor did he communicate with an undercover officer pretending to be the minor.  For the following reasons, the motion will be denied.

The indictment is sufficient on its face because it informs Defendant of the crime charged and sets forth the essential elements . United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985).  Count Two of the indictment alleges:

That between on or about October 1, 2007, and on or about October 5, 2007, in the Northern District of Florida and elsewhere, the defendant,

## BOBBY ALBERT MCGEE

using a facility and means of interstate commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual, hereinafter referred to as "A," who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, all in violation of Title 18, United States Code, Section 2244(b).

Title 18, United States Code, Section 2422(b) reads in relevant part:

Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

To commit a violation of Section 2422(b), it is not necessary for a defendant to engage in direct communications with a minor or supposed minor. United States v. Murrell, 368 F.3d. 1283, 1288 (11th Cir. 2004). A defendant can violate the statute by communicating with an adult intermediary in an attempt to induce a minor to engage in unlawful sexual activity. Id. at 1286. Thus even if Defendant did not communicate directly with a minor or an undercover officer pretending to be a minor, his conduct may still violate Section 2422(b).

The indictment on its face is sufficient to charge a crime under Section 2422(b). Defendant's alleged conduct is sufficient to constitute a violation of Section 2422(b) because he communicated in interstate commerce in a knowing

attempt to induce a minor to engage in unlawful sexual activity.  Based on the foregoing, it is

      ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count Two (doc. 35) is denied.

      DONE AND ORDERED this 19th day of May, 2008.

              *s/ Stephan P. Mickle*
              Stephan P. Mickle
              United States District Judge