IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                             CASE NO.: 4:07cr72-SPM

BOBBY MCGEE,

     Defendant.
_____/

**ORDER ON MOTIONS IN LIMINE**

The Government and the Defendant have filed motions in limine (docs. 68, 70, and 74). Both motions concern evidence of child pornography on Defendant's computer.

Defendant is charged with two counts of using a facility of interstate commerce to attempt to knowingly persuade, induce, entice, or coerce a minor to engage in unlawful activity, as proscribed by Title 18, United States Code, Section 2422(b). The criminal complaint describes a series of internet chats and telephone conversations that Defendant had with an agent posing as the mother of two children, an 11-year old daughter and a 9-year old son. In one chat, the agent posed as the daughter.

The discussions included plans for the mother and her two children to move to Tennessee to live with Defendant, who would preside over the

household in the role of sexual dominant or master. Defendant was to engage in sex acts with the mother, daughter, and son. The mother would become Defendant's sex slave, the daughter would be trained as a sex slave, and the son would be trained to be a master. The purported mother represented to Defendant that her ex-husband was a master who had involved their children in sexual activity.

Defendant and the purported mother made arrangements for her to drive herself and her children from her house in Tallahassee, Florida to a service station near Defendant's house in Tennessee to spend a weekend at Defendant's house. At the appointed time, the purported mother called Defendant and told him she had arrived at the service station. When Defendant drove to meet her, law enforcement officials were waiting and arrested him.

After his arrest, law enforcement officials took Defendant to his house. Defendant had images of child pornography on his computer and told law enforcement how he obtained the images. The images and statements are the subject of the motions in limine.

The Government proposes to introduce at trial Defendant's statements and the fact that he had images of child pornography on his computer. The evidence would not include any images themselves or graphic descriptions of them. The purpose of the evidence is to show that, based on an actual sexual interest in children, Defendant acted with the intent to induce the children to

engage in unlawful activity.

Defendant concedes that his possession of child pornography is probative of his intent, albeit marginally so. He argues that his defense in this case is not about lack of intent. The defense will be that Defendant did not take a substantial step toward the commission of the offense to attach criminal liability for attempting to induce the minors to engage in unlawful sexual activity. Defendant contends that the probative value of the evidence of child pornography is substantially outweighed by undue prejudice.

When weighing the probative value of evidence against undue prejudice, "a court should consider the differences between the charged and extrinsic offenses, their temporal remoteness, and the Government's need for the evidence to prove intent." Dias-Lizaraza, 981 F.2d 1215, 1224 (11th Cir. 1993). An evaluation of these factors demonstrates that the probative value of the evidence is not substantially outweighed by unfair prejudice to Defendant.

Addressing the first two factors, the images of child pornography were on Defendant's computer at the time he was committing the charged crimes, so temporal remoteness is not a problem. The images relate to the charged crimes, which arise from Defendant's sexual interest in children. Therefore, similar intent is involved in Defendant's possession of the images and his alleged attempt to induce children to engage in unlawful sex acts. Because Defendant's possession of child pornography involves a similar intent and happened at the same time as

the crimes charged, it has strong probative value.

Regarding the third factor on the Government's need, the Government has other evidence, specifically the content of the chats Defendant had with the purported mother and daughter, to show Defendant's intent.  Defendant has not conceded, however, that he intended to induce the children to engage in unlawful sexual activity.  Although he states that "his defense will not be one that aggressively attempts to establish innocent intent"[1] his intent is still at issue and will need to be proven by the Government.

The Government's presentation of the child pornography evidence will be tailored to reduce unfair prejudice.  Specifically, the images themselves will not be introduced, nor will graphic descriptions be provided.  The probative value of the evidence will not be outweighed by unfair prejudice.  Accordingly, it is

ORDERED AND ADJUDGED:

1.  The Government's motion in limine (doc. 68) is granted.

2.  The Defendant's motions in limine (docs. 70 and 74) are denied.

DONE AND ORDERED this 13th day of November, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

---

[1] Defendant's Motion in Limine and Response to the Government's Motion in Limine, Doc. 70 at p. 10.

CASE NO.: 4:07cr72-SPM